UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE CRUZ MILAN AMADOR,  )
                                                                  ) CASE NO. C11-1378-RSM
       Petitioner,                )
                                                                   )
    v.                            )
                                              ) REPORT AND RECOMMENDATION
ICE FIELD OFFICE DIRECTOR, )
                                              )
       Respondent.            )
_____ )

I. INRODUCTION AND SUMMARY CONCLUSION

Petitioner has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his detention by the United States Immigration and Customs Enforcement ("ICE"). (Dkt. No. 7.) He requests that the Court order his release from custody on conditions or reasonable bond, arguing that "such custody violates the due process rights of the Petitioner." *Id*. at 1-2. Respondent has filed a motion to dismiss, arguing that petitioner was provided a bond hearing before an immigration judge ("IJ") who granted petitioner release on $10,000 bond. (Dkt. No. 8.) Respondent maintains that the IJ's bond decision is not subject to judicial review and this action should be dismissed for lack of jurisdiction. *Id*.

REPORT AND RECOMMENDATION
PAGE -1

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico, who entered the United States in January 2007 without being admitted or paroled. (Administrative Record ("AR") R43.) On November 10, 2011, ICE encountered petitioner at the Lincoln County Jail in Newport, Oregon, where he was in custody pending a charge of Assault in the Fourth Degree. *Id*. On January 10, 2011, petitioner was convicted of that charge and was sentenced to 65 days in jail with credit for time served. *Id*. On January 11, 2011, petitioner was taken into ICE custody and transferred to the Northwest Detention Center in Tacoma, Washington. (AR R39-44.)

On January 19, 2011, ICE served petitioner with a Notice to Appear, placing him in removal proceedings and charging him as subject to removal from the United States under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), for being present in the United States without being admitted or paroled. (AR L8-9.) ICE determined that petitioner could be released under bond of $15,000. (AR L5.) Petitioner requested and received a redetermination of ICE's custody decision by an IJ, who reduced the bond amount to $10,000. (AR L5, L32.) On March 27, 2011, petitioner again moved for a redetermination of his custody status, requesting that the IJ reduce his bond amount to $3,000. (AR L55-58.) There is no indication in the Administrative Record whether this motion was granted or denied.

On August 2, 2011, petitioner moved for another bond redetermination, requesting that the IJ reduce his bond to $1,500. (AR L161-66.) On August 8, 2011, the IJ denied petitioner's motion, citing "no changed circumstances. 8 C.F.R. 1003.19(e)." (AR L186.)

01  On August 16, 2011, the IJ denied petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture, and ordered him removed from the United States to Mexico. (AR L188.) On August 29, 2011, petitioner filed an appeal of the IJ's decision with the Board of Immigration Appeals ("BIA"), which remains pending.

## III.  DISCUSSION

Title 8, Section 1226 of the United States Code provides the framework for the arrest, detention, and release of aliens in removal proceedings. *See* 8 U.S.C. § 1226. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings. *See id*. Section 1226(a) provides, in part, as follows:

> On a Warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States, Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on –
>     (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>     (B) conditional parole . . .

8 U.S.C. § 1226(a).

After an alien is arrested and taken into custody, the local ICE office makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 1236.1(c)(8), 1236.1(d). After the initial custody determination, the alien may request a bond redetermination by an IJ. *See* 8 C.F.R. § 1236.1(d). The alien may further appeal the IJ's bond determination to the BIA. *See* 8 C.F.R. § 1236.1(d)(3). Once an IJ has made an initial bond redetermination, an alien's request for a subsequent bond redetermination must be made in writing and must show that the

alien's circumstances have changed materially since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

In a bond hearing, the burden is on the detainee to show to the satisfaction of the IJ that he or she warrants release on bond. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). In making a bond decision, "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I&N Dec. at 40 (citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976)). An Immigration Judge may also consider any number of discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

*Matter of Guerra*, 24 I&N Dec. at 40.

In the instant case, the administrative record shows that petitioner requested and received a bond redetermination hearing on February 22, 2011, before an IJ who reduced his bond to $10,000. (AR L32.) In addition, petitioner sought and received a second bond redetermination hearing on August 8, 2011, before an IJ who denied petitioner's bond motion, finding "no changed circumstances. 8 C.F.R. § 1003.19(e)." (AR L128, L186.)

Petitioner argues that because he is unable to afford the $10,000 bond imposed by the IJ, the amount is unreasonable and violates his constitutional rights. He requests that this Court

release him on conditions or reasonable bond.  (Dkt. No. 1 at 2.)  Section 1226(e), however, does not permit the Court to review the IJ's discretionary decision regarding the reasonableness of the bond amount, even if petitioner cannot afford to post it.  *Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008).  That provision provides:  "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."  INA § 236(e), 8 U.S.C. § 1226(e).  Thus, the Court lacks subject matter jurisdiction to reach the merits of this claim.

## IV.  CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 28th day of November, 2011.

Mary Alice Theiler
United States Magistrate Judge